PRIVATE PROCESS

Case Number: 2016-CI-13110

2016CI13110  S00001

**SONIA HARRIS ET AL**
**VS.**
**ASI LLOYDS**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
45th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: ASI LLOYDS

RECEIVED

AUG 22 2016

TCCI

BY SERVING ITS REGISTERED AGENT, RODNEY D BUCKER

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 5th day of August, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 9TH DAY OF AUGUST A.D., 2016.

PETITION

SHELLY L ENYART
ATTORNEY FOR PLAINTIFF
1350 N LOOP 1604 E 104
SAN ANTONIO, TX 78232-1368



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Olivia Cruz,* Deputy

---

### OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) **executed** it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) **not executed** because _____ Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR:  VERIFICATION  OF  RETURN  (If  not  served  by  a  peace  officer)  SWORN  TO  this _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:  My name is_____, my date of birth is_____, and my address is _____,_____,_____(County). I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

## Exhibit "B"

_____
Declarant

ORIGINAL (DK002)

FILED
8/5/2016 10:37:11 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Michelle Garcia

CITPPS W/JD SAC2

## CAUSE NO. 2016CI13110

| | | |
|---|---|---|
| SONIA AND LAWRENCE HARRIS | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 45  JUDICIAL COURT |
| | § | |
| | § | |
| ASI LLOYDS | § | BEXAR COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Sonia and Lawrence Harris, hereinafter referred to as "Plaintiffs," complaining of Defendant, ASI Lloyds, hereinafter referred to as "Defendant," and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiffs, Sonia and Lawrence Harris, are individuals and residents of Texas.

Defendant, ASI Lloyds ("ASI"), is a Texas domestic Lloyd's plan insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas and/or has its principal place of business located in Texas. It can be served with citation by serving its registered agent, Rodney D. Bucker, by certified mail, return receipt requested, at 700 North Pearl Street 25th Floor, Dallas, TX 75201.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Bexar County County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Bexar County County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code § 15.032 (see below).

### IV.  CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.      Plaintiffs are the holders of insurance Policy Number TXL428869 issued by the Defendant (hereinafter referred to as the "Policy").

B.      Plaintiffs owned the insured property, which is specifically located at 9867 Sunset Place, San Antonio, Bexar County, Texas 78245 on November 27, 2015 and April 12, 2016 (hereinafter referred to as the "Property").

C.      Defendant or its agent sold the Policy, insuring the Property, to Plaintiffs.

D.      On or about November 27, 2015, a sudden and accidental discharge of water caused extensive damage to Plaintiffs' home.  Without limitation, water had damaged almost all areas of the house, including a collapse of the second story floor, which caused extensive water damage to the first floor.  Plaintiffs' home was not livable.

E.      Plaintiffs relied on their insurance company, ASI, to assist them with the claim.   Plaintiffs are not experts in the insurance industry.

F.    Immediately after discovering the damage, Plaintiffs submitted a claim to Defendant against the Policy for water damage to the Property. Defendant ASI assigned an out of state adjuster, Wayne Prince, to handle the claim.

G.    Because of the severity of the loss, Plaintiffs had to deal with several issues, which included mitigating the current damage, finding a place to stay, and properly repairing the damage. Plaintiffs relied on ASI to assist them with all of these issues, which were all coverages afforded to them under their policy.   Plaintiffs also relied on Defendant to communicate with them throughout the entire process.

H.    Being that Mr. Prince was not located in Texas, he hired two different companies to assist Plaintiffs, Paul Davis Restoration and Eberl Claims Service.    It was represented to Plaintiffs that Paul Davis Restoration was a preferred restoration company of Defendant and was experienced in water mitigation.   Unfortunately, Plaintiffs' experience with this company was poor as they did not communicate with them about what contents were being taken from the home and why certain items were being taken away.  In fact, there was no communication as to exactly what Paul Davis was hired to do.

I.    Plaintiffs assumed Mr. Prince was communicating with Paul Davis Restoration, but when they inquired to Mr. Prince about the situation, he could only offer limited help with the problems that Plaintiffs were having with the company.  Plaintiffs began to feel like Mr. Prince was taking a hands off approach and left it to them to figure it all out.  At times, Plaintiffs believed Paul Davis would tell them one thing that the adjuster said, such as their home was a total loss providing instruction to get rid of several water damaged items. However, when they spoke to Mr. Prince, they would get another story.  The entire process

was confusing for Plaintiffs who were unfamiliar with the process and relied on ASI to give them direction.

J.  Plaintiffs also had issues with the adjustment completed by Eberl Claims Service.  The report did not include several areas damaged by water and Plaintiffs did not know what to do about the items that were missing from his estimate being that they were dealing with the issues with Paul Davis Restoration and were living in a hotel.  At the same time, Plaintiffs were busy taking Mr. Lawrence Harris to his cancer treatments, which added stress to the entire ordeal.  This was also communicated to Mr. Prince on several occasions.

K.  Out of desperation, Plaintiffs reached out to an attorney, Shelly Enyart, with Speights & Worrich, for assistance with the claim.  Ms. Enyart attempted to communicate with ASI about the claim.  Unfortunately, the communication was still poor and delays were usual, even with the Plaintiffs being represented by an attorney.

L.  At the onset of Ms. Enyart's representation, Ms. Enyart tried contacting adjuster Prince to discuss the ongoing issues Plaintiffs were having with the claim.  Unfortunately, Ms. Enyart never got the chance to speak with Mr. Prince about the claim.  After acquiring an attorney, Defendant changed adjusters from Mr. Wayne Prince to Mr. Ryan Schaefer.  No explanation was given for the change.  This made it difficult because now a new adjuster was on the file , unfamiliar with the file, and it seemed like Plaintiffs were starting at square one again.

M.  After receiving notification of the change, Attorney Enyart began communicating with Mr. Shaefer about the claim on a regular basis.  Often times, Mr. Shaefer would wait several days, sometimes a couple of weeks, before responding to Ms. Enyart.  In fact, in the beginning, Plaintiffs waited twenty (20) days for Mr. Schaefer to get back to them

concerning the claim, all while Plaintiffs were stuck in a hotel waiting on what to do with their home. The problems with timely communication continued throughout the claims process with Mr. Shaefer.

N.  Due to the delays in the handling of their claim, Plaintiffs were unable to live in their home for approximately five (5) months. For seventy-three (73) days they resided in a hotel and for the remainder of the time in an extended stay apartment.

O.  Defendant caused significant delay throughout the course of Plaintiffs' claim, which prevented Plaintiffs from repairing their home for a significant amount of time. More importantly, there are still items that have yet to be addressed by Defendant and would need to be properly paid for by Defendant.

P.  In submitting the claim, Plaintiffs asked that Defendant cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

P.  Defendant assigned claim number 351088-154402-094541 to Plaintiffs' accidental discharge of water claim.

Q.  As to their accidental discharge of water claim, Defendant and/or its adjuster(s) improperly adjusted and handled Plaintiffs' claim. Without limitation, Defendant misrepresented the scope of and cost to repair the damage to Plaintiffs' Property. Through Defendant's adjusters, Defendant made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, and without knowledge of the truth. Defendant made these false representations with the intent that Plaintiffs act in accordance with said misrepresentations. Plaintiffs relied on the Defendant's misrepresentations, including but not limited to those regarding the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs have been damaged as a result of such reliance.

R.    Because Defendant underpaid Plaintiffs on Plaintiffs' insurance claim, Plaintiffs have not been able to properly and completely repair the damages to Plaintiffs' Property. Defendant also advised Plaintiffs as to how they could repair their Property so as to prevent further damage to the Property. This advice, however, was false because Plaintiffs could not properly repair the Property and prevent future damage by following Defendant's advice, due both to the fact that the advice was false and to Defendant's failure to pay for damages covered under the Policy.

S.    Defendant misrepresented that the damages caused by the sudden and accidental discharge of water were only $46,308.45. However, Defendant's representations were false because Plaintiffs' damages exceeded $88,319.06.

T.    On or about April 12, 2016, a severe wind and hailstorm struck the San Antonio, Texas area causing damage to Plaintiffs' home. In the aftermath of the wind and hailstorm, Plaintiffs submitted a claim to Defendant against the Policy for roof damage the Property sustained as a result of the wind and hailstorm. Plaintiffs asked that Defendant cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

T.    Defendant assigned claim number 380241-164402 to Plaintiffs' storm claim.

U.    Defendant hired and/or assigned an adjuster to adjust the claim.

V.    Defendant misrepresented that the damages caused by the wind and hailstorm on April 12, 2016 were below the policy deductible. However, Defendant's representations were false because Plaintiffs' damages exceed the deductible because the entire roof needed to be replaced.

W.    Defendant and/or its agent improperly adjusted Plaintiffs' storm claim. Without limitation, Defendant's adjuster misrepresented the cause of, scope of, and cost to repair the damage to

Plaintiffs' roof. Through Defendant's adjuster, Defendant made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, and without knowledge of the truth. Defendant made these false representations with the intent that Plaintiffs act in accordance with said misrepresentations. Plaintiffs relied on the Defendant's misrepresentations, including but not limited to those regarding the cause of, scope of, and cost to repair the damage to Plaintiffs' roof. Plaintiffs have been damaged as a result of such reliance.

X. Because Defendant underpaid Plaintiffs on Plaintiffs' insurance claim, Plaintiffs have not been able to properly and completely repair the damages to Plaintiffs' Property. This has caused additional, further damage to Plaintiffs' property. Defendant also advised Plaintiffs as to how they could repair their Property so as to prevent further damage to the Property. This advice, however, was false because Plaintiffs could not properly repair the Property and prevent future damage by following Defendant's advice, due both to the fact that the advice was false and to Defendant's failure to pay for damages covered under the Policy. Plaintiffs' Property has sustained further damages as a result.

Y. As to both claims, Defendant failed to properly adjust the claims and Defendant has denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

Z. These false representations allowed Defendant to financially gain by wrongfully denying at least a portion of Plaintiffs' claim.

AA. Plaintiffs' claims still remain unpaid and the Plaintiffs still have not been able to properly repair the Property.

BB.    Defendant failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

CC.    Defendant misrepresented to Plaintiffs that some of the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

DD.    Defendant failed to make an attempt to settle Plaintiffs' claim(s) in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

EE.    Defendant failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. TEX. INS. CODE Section 541.060(a)(3).

FF.    Defendant failed to affirm or deny coverage of Plaintiffs' claims within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a

violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE Section 541.060(a)(4).

GG.    Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation.  Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060 (a)(7).

HH.    Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claims and requesting all information reasonably necessary to investigate Plaintiffs' claims within the statutorily mandated deadline.  Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

II.     Defendant failed to accept or deny Plaintiffs' full and entire claims within the statutory mandated deadline of receiving all necessary information.  Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE Section 542.056.

JJ.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant has delayed full payment of Plaintiffs' claims longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim.  Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

KK.   From and after the time Plaintiffs' claims was presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear.  However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

LL.   As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing Plaintiffs with respect to these causes of action.

MM.   Plaintiffs' experience is not an isolated case.   The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims.  Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder. Specifically, Defendant received a benefit when it refused to pay Plaintiffs' entire claims because it retained thousands of dollars that should rightfully have been paid to Plaintiffs under the Policy.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiffs purchased, Defendant has the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the sudden and accidental discharge of water

on November 27, 2015 and the wind and hailstorm on and April 12, 2016 (hereinafter referred to as the "incidences"). As a result of the incidences, both of which are covered perils under the Policy, Plaintiffs' Property has been damaged and losses have been incurred.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiffs' claim, Defendant did not request from Plaintiffs any items, statements, or forms that it reasonably believed at that time would be required from Plaintiffs for their claim. As a result, Defendant has violated Section 542 by failing to accept or reject Plaintiffs' claims in writing within the statutory timeframe. Defendant also violated Section 542 by failing to pay Plaintiffs' claims within the applicable statutory period. In addition, in the event it is determined that Defendant owes Plaintiffs any additional monies on Plaintiffs' claim, then Defendant has automatically violated Section 542 in this case.

**C. DTPA Cause of Action**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA. Plaintiffs are consumers of goods and services provided by Defendant pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) its failure to give Plaintiffs the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiffs' Property on which liability had become reasonably clear, which gives Plaintiffs the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or

obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendant has breached an express warranty that the damage caused by the sudden and accidental discharge of water would be covered under the insurance policy. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claims and Defendant's failure to pay for the proper repair of Plaintiffs' Property on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiffs the benefit of the doubt. Specifically, as described in Plaintiffs' factual allegations, Defendant is guilty of the following unfair insurance practices:

A.   Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.   Engaging in unfair claims settlement practices;

C.   Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D.   Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.   Failing to affirm or deny coverage of Plaintiffs' claims within a reasonable time;

F.   Refusing to pay Plaintiffs' claims without conducting a reasonable investigation with respect to the claim; and

G.   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claims or for the offer of a company's settlement.

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

### E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claims without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claims and by failing to settle Plaintiffs' entire claims because Defendant knew or should have known that it was reasonably clear that the claims was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

### VII.  WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## VIII.  DAMAGES

The above described acts, omissions, failures and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' property and any investigative and engineering fees incurred in the claim.  Plaintiffs are also entitled to recover consequential damages from Defendants' breach of contract.  Plaintiffs are also entitled to recover the amount of Plaintiffs' claims plus an 18% per annum penalty on that claims against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorney's fees.  In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs seek only monetary relief between $100,000.00 and $200,000.  Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## IX.  ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes.  Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X.  EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code.  These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery

of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XI.  ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees.  Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII.  JURY DEMAND

Plaintiffs assert Plaintiffs' right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216.  Plaintiffs tender the fee of $30.00, as required by Texas Government Code Section 51.604.

## XIII. REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiffs request that Defendant discloses, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) - (1).

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**SPEIGHTS & WORRICH**
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _____
SHELLY L. ENYART
Texas State Bar No. 24068246
shelly@speightsfirm.com

**ATTORNEY FOR PLAINTIFFS**

Robert Chapa
1015 Cat Mesa
San Antonio, TX. 78251

CERTIFIED MAIL

7016 0910 0000 0366 8687

ASI Lloyds
Rodney D Buckner
700 N. Pearl St., #2500
Dallas, Tx 75201



1000                    75201

U.S. POSTAGE
SAN ANTONIO, TX
78251
AUG 18 16
AMOUNT
$7.57
R2304H108044-03

RECEIVED

AUG 22 2016

TCCI

FILED
9/9/2016 5:04:00 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lilyana Esquivel
690916    MIR:lea: 5770-123 ANS AND JD

CAUSE NO. 2016CI13110

| | | |
|---|---|---|
| SONIA and LAWRENCE HARRIS | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | 45TH JUDICIAL DISTRICT |
| | § | |
| ASI LLOYDS | § | |
| | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **ASI LLOYDS,** Defendant in the above-entitled and numbered cause, and files this ORIGINAL ANSWER replying to PLAINTIFFS' ORIGINAL PETITION and for same says:

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial and demands that Plaintiffs prove their allegations by a preponderance of the evidence.

### AFFIRMATIVE DEFENSES

Pleading further if same be necessary, Defendant ASI LLOYDS did not commit a breach or a violation of any legal principal centering on the insurance relationship, and Defendant has not been unreasonable in its handling of the referenced property damage claim, in that Defendant has, and continues to have a reasonable basis for disputing the Plaintiffs' purported claim because: 1) a bona fide dispute currently exists as to the nature, extent, and causation of the damages alleged by Plaintiffs.

Pleading further if same be necessary, even if Plaintiffs prove the allegations in their lawsuit, Defendant ASI LLOYDS is not liable for the damages sought therein because most, if not all of the damages complained of exist as a result of concurrent causation for which Defendant ASI Lloyds affords no coverage.

Plaintiffs' claims are barred, in whole or in part, because Defendant has made payment to the Plaintiffs for all amounts due under the agreement upon which Plaintiffs sue, and said payments were accepted by Plaintiffs as full and final satisfaction of any agreement between the parties.

<u>PRAYER</u>

WHEREFORE, Defendant prays that Plaintiffs recover nothing from it by way of this suit; that Defendant recover costs of court, and for such other and further relief, both at law and in equity, to which this Defendant may be justly entitled.

Respectfully submitted,

**BROCK PERSON GUERRA REYNA, P.C.**
17339 Redland Road
San Antonio, Texas    78247-2304
(210) 979-0100
(210) 979-7810 (FAX)

BY:_____
MICHAEL I. RAMIREZ
State Bar No. 24008604
Email: mramirez@bpgrlaw.com
GREGORY D. PEREZ
State Bar No. 24082587
Email: gperez@bpgrlaw.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Texas Rules of Civil Procedure on this _9th_ day of _September,_ 2016, to:

Shelly L. Enyart
Speights & Worrich
1350 North Loop 1604 E., Suite 104
San Antonio, Texas    78232

Fax No. 210/495-6790 and/or
Email: shelly@speightsfirm.com


MICHAEL I. RAMIREZ
GREGORY D. PEREZ

FILED
9/9/2016 5:04:00 PM
000016
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lilyana Esquivel

Case 5:16-cv-00953-OLG   Document 1-2   Filed 09/26/16   Page 24 of 24

MIR:lea: 5770-123 ANS AND JD

CAUSE NO. 2016CI13110

| | | |
|---|---|---|
| SONIA and LAWRENCE HARRIS | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | 45TH JUDICIAL DISTRICT |
| | § | |
| ASI LLOYDS | § | |
| | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

### DEMAND FOR JURY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **ASI LLOYDS,** Defendant in the above-entitled and numbered cause, and

makes this DEMAND FOR JURY TRIAL.

Respectfully submitted,

BROCK PERSON GUERRA REYNA, P.C.
17339 Redland Road
San Antonio, Texas    78247-2304
(210) 979-0100
(210) 979-7810 (FAX)

BY:_____
MICHAEL I. RAMIREZ
State Bar No. 24008604
Email: mramirez@bpgrlaw.com
GREGORY D. PEREZ
State Bar No. 24082587
Email: 24082587

ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served in
accordance with the Texas Rules of Civil Procedure on this _9th_ day of _September_ 2016, to:

Shelly L. Enyart                                  Fax No. 210/495-6790 and/or
Speights & Worrich                              Email: shelly@speightsfirm.com
1350 North Loop 1604 E., Suite 104
San Antonio, Texas    78232

_____
MICHAEL I. RAMIREZ
GREGORY D. PEREZ